IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TODD R. CANNON,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S *PRO SE* MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE<br><br><br><br>Case No. 2:03-CR-265 TS |

This matter is before the Court for consideration of Defendant Todd R. Cannon's *Pro Se* Motion for Early Termination of Supervised Release.[1]

I. BACKGROUND

Defendant was sentenced to a term of 36 months imprisonment to be followed by 36 months of supervised release after pleading guilty to a violation of 18 U.S.C. § 371. Defendant's term of imprisonment was subsequently lowered to 30 months. Defendant began his term of supervised release on May 15, 2009. Defendant now moves to terminate that supervision.

---

[1]Docket No. 255.

1

In his Motion, Defendant represents that, since his change of plea, he has had no violations of the law. Defendant represents that he has paid the one financial obligation owing in this case. Defendant further represents that he has been compliant with the requests of his probation officer during the time of his supervised release. Defendant requests early termination of supervised release so that he may engage in occasional foreign travel associated with his employment and so that he may attempt to be readmitted to the Utah State Bar.

The government opposes Defendant's Motion. The government has no objection to permitting Defendant to travel internationally for work, but argues that early termination is not appropriate due to the nature and circumstances of this offense.

## II. DISCUSSION

18 U.S.C. § 3583(e) permits the Court to terminate supervised release at any time after a defendant has completed at least one year of supervised release, but prior to completion of the entire term, if the Court is satisfied that such action is (1) warranted by the conduct of an offender and (2) is in the interest of justice. In making this determination, the Court is directed to consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable.

Considering these factors, the Court finds that early termination is not appropriate here. Specifically, the Court notes the nature and circumstances of the offense of conviction. Defendant participated in a multi-million dollar tax fraud scheme and used his law degree to further that conspiracy. While the Court commends Defendant for his success while on supervised release, the Court finds that early termination is not warranted here. However, Defendant is free to make an appropriate motion to the Court concerning his international travel.

## III. CONCLUSION

It is therefore

ORDERED that Defendant's *Pro Se* Motion for Early Termination of Supervised Release (Docket No. 255) is DENIED.

DATED July 13, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge