IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TODD R. CANNON,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE<br><br><br><br>Case No. 2:03-CR-265 TS |

This matter is before the Court on Defendant Todd R. Cannon's *pro se* Motion for Early Termination of Supervised Release. The government has responded to the Motion, taking no position on it and deferring to the Court on the matter. For the reasons set forth below, the Court will grant the Motion.

I.  BACKGROUND

Defendant was sentenced to a term of 36 months imprisonment to be followed by 36 months of supervised release after pleading guilty to a violation of 18 U.S.C. § 371. Defendant's term of imprisonment was subsequently lowered to 30 months. Defendant began his term of

supervised release on May 15, 2009. Now, after having been on supervision for over two years, Defendant moves to terminate his supervision.[1]

In his Motion, Defendant represents that, since his change of plea, he has had no violations of the law. Defendant represents that he has paid the one financial obligation owing in this case. Defendant further represents that he has been compliant with the requests of his probation officer during the time of his supervised release. Defendant requests early termination of supervised release so that he may attempt to be readmitted to the Utah State Bar. Contact with Defendant's supervising officer confirms the facts represented in Defendant's Motion.

As stated, the government has responded to Defendant's Motion. The government takes no position and the Motion and defers to the Court whether termination is appropriate here.

## II. DISCUSSION

18 U.S.C. § 3583(e) permits the Court to terminate supervised release at any time after a defendant has completed at least one year of supervised release, but prior to completion of the entire term, if the Court is satisfied that such action is (1) warranted by the conduct of an offender and (2) is in the interest of justice. In making this determination, the Court is directed to consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable.

Considering these factors, the Court finds that early termination is appropriate here. As stated, during the time of his supervision, Defendant has not engaged in any violations of the law and has been compliant with all of the terms and conditions of his supervised release. Though

---

[1] Defendant had previously moved to terminate his supervision, but that request was denied without prejudice. Docket No. 257.

his prior criminal behavior was serious, Defendant has demonstrated a desire to move on with his life and become a productive member of society. Based on all of these consideration, the Court finds that early termination of Defendant's supervised release is appropriate here.

III. CONCLUSION

It is therefore

ORDERED that Defendant's *Pro Se* Motion for Early Termination of Supervised Release (Docket No. 260) is GRANTED.

DATED   August 9, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge